IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PATRICIA ELAINE MILLER,

    Plaintiff,

    v.

KELLI LEAHY, et al.,

    Defendants.

Case No. 6:22-cv-00057-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

Plaintiff Patricia Elaine Miller, a self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against Defendants Kelli Leahy, Samantha Brady, the Arizona Department of Child Safety, and the State of Arizona. For the reasons below, the Court recommends that this action be dismissed without prejudice and with leave to file an Amended Complaint within thirty (30) days. The Court also recommends that Plaintiff's IFP application should be held in abeyance and reconsidered along with the Amended Complaint, if any.

## DISCUSSION

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Here, the Court has reviewed Plaintiff's IFP paperwork, and finds she is unable to pay the costs and fees associated with her filing. The first determination is met. However, the Court finds that this action fails to state a claim upon which relief may be granted and it seeks relief from a defendant who is immune from suit. The second determination is therefore not met.

Plaintiff's Complaint (#1) contains many conclusions, including that the State of Arizona "had no jurisdiction" over her minor children, and that the State violated her family's civil rights. Many of the words and phrases used by Plaintiff are repeated continually. However, the factual allegations are few and far between. It appears as though there was an incident with Plaintiff's sixteen-year-old daughter in March 2020, relating to sexual abuse by an older man and drug use and addiction. Plaintiff alleges that in September 2021, a report was made relating back to the March 2020 incident. It is impossible to tell from the Complaint what happened, or even what was in the report. There is no indication of where the March 2020 incident took place, or how or why or when Plaintiff's children could have been taken into protective custody by the State of Arizona

if they were never in Arizona. No specific action by Ms. Leahy or Ms. Brady, the two named defendants, is alleged at all. These allegations fail to state a claim upon which relief may be granted by the Court.

Moreover, all of the defendants are listed as residents of Arizona, and it is unclear and unlikely that this Court has personal jurisdiction over any of them. Similarly, under 28 U.S.C. § 1391, a civil action may be brought in a judicial district in which defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. Because none of the defendants reside in Oregon, and none of the events giving rise to the claims occurred in Oregon, it appears that the District of Oregon is not the proper venue for this action.

Ultimately, though the allegations of the Complaint are confusing, it appears as though Plaintiff wishes to challenge a process, and likely a dependency proceeding, that took place or is taking place in the state courts in Arizona. This Court is not the proper place to do so. Pursuant to the *Rooker–Feldman* doctrine, federal courts lack subject matter jurisdiction "when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Kongasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004); *Cooper*, 704 F.3d at 777–78. *See also Meek v. Zopan*, 2017 WL 902864, at *3 (D. Or. Mar. 6, 2017). In other words, if Plaintiff is dissatisfied with the outcome of a case in state court, she may not attempt to overturn that outcome by challenging that case in federal court. In order to challenge the outcome of an Arizona dependency case, for example, a person must appeal that judgment to the Arizona Court of Appeals. Attempting to challenge it in federal court is an improper collateral attack. Therefore, any claims asserted by Plaintiff that arise out of a state court proceeding and attempt to overturn the outcome of that proceeding will not be allowed.

Finally, the State of Arizona itself is immune from suit under Eleventh Amendment Sovereign Immunity, unless it has been waived. *Alden v. Maine*, 527 U.S. 706, 712 (1999).

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

For the reasons above, it is unclear whether the deficiencies of Plaintiff's Complaint can be cured by amendment. In an abundance of caution, the Court will dismiss without prejudice, and with leave to file an Amended Complaint within thirty (30) days. To the extent that Plaintiff alleges that the actions of specific, named defendants violated her civil rights, she must identify those defendants and their specific actions against her to show why she is entitled to relief.

### ORDER

Plaintiff's Complaint is dismissed without prejudice and with leave to file an Amended Complaint within thirty (30) days. If Plaintiff fails to file an Amended Complaint, or fails to cure the deficiencies identified above, the case will be dismissed with prejudice. Plaintiff's IFP application will be held in abeyance and reconsidered along with the Amended Complaint, if any.

DATED this ____20____ day of January, 2022.

MARK D. CLARKE
United States Magistrate Judge